660 A.2d 555

BOARD OF EDUCATION OF THE BOROUGH OF SOUTH RIVER, PLAINTIFF–APPELLANT, v. MAYOR AND COUNCIL OF THE BOROUGH OF SOUTH RIVER, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued June 13, 1995—Decided July 6, 1995.

Before Judges BRODY, LONG and ARNOLD M. STEIN.

*Robert A. Blanda* argued the cause for appellant.

*Frank J. Paprota, Jr.,* argued the cause for respondent.

New Jersey School Boards Association, *amicus curiae* (Susan E. Galante, Director, Legal Department; Donna M. Kaye, Associate Counsel, on the brief).

The opinion of the court was delivered by

BRODY, P.J.A.D.

Plaintiff Board of Education of the Borough of South River (Board) governs a Type II school district whose annual budget must be submitted to the electorate pursuant to *N.J.S.A.* 18A:22–33. The Board commenced this action against defendant Mayor and Council of the Borough of South River (Borough) for a judgment in the amount of $423,500, the sum restored to the Board's 1993–94 budget by the Commissioner of Education pursuant to her authority to resolve controversies arising under the

school laws. *Board of Educ., East Brunswick Township v. Township Council, East Brunswick Township,* 48 *N.J.* 94, 102, 223 *A.*2d 481 (1966).

The Board's proposed budget had been rejected by the electorate on April 20, 1993. The Borough's governing body thereafter reduced the budget by $494,110, pursuant to the authority given it by *N.J.S.A.* 18A:22–37. As a result of the Board's appeal from the reduction, the Commissioner restored the sum of $423,500, to assure that the constitutional mandate of providing "a thorough and efficient system of free public schools is being carried out." *East Brunswick Township, supra,* 48 *N.J.* at 106, 223 *A.*2d 481.

The Board commenced the present action on July 8, 1994, after the Borough refused to pay the restored funds to the Board before the next municipal budgetary cycle, at which time the amount would be included as part of the funds to be raised by taxation. The Board contended that it needed the funds immediately to meet obligations of the 1993–94 school year, which had ended June 30, 1994.

The parties settled the dispute by the entry of a consent order on September 6, 1994, under which the Borough agreed to pay the restored funds to the Board by September 2, 1994. By then, however, the pattern of rejection, reduction and appeal to the Commissioner had repeated itself with respect to the 1994–95 school budget. When the consent order was entered, the parties were awaiting the Commissioner's decision for the current year. Although the Borough's payment had rendered the question moot as to the 1993–94 school year, the consent order provided that the present action continue in order to resolve the recurring question of how to raise cash in a Type II district that is needed before the next municipal budgetary cycle to fund the amount restored to a school budget by the Commissioner.

When the matter was heard on December 9, 1994, both parties recognized that ultimately the Borough had the obligation to include the amount restored by the Commissioner in the next municipal budget. The precise issue placed before the court was

whether the Borough or the Board had to issue tax anticipation notes to make the restored funds immediately available to the Board. The parties agree that no statute or regulation provides the answer. They also agree that in effect it makes no difference which party issues the notes because in either case the cost of issuing them is the same and will ultimately be borne by the taxpayers.

The trial judge considered as evidence a letter dated August 4, 1994, to the Borough Attorney from the Acting Assistant Commissioner, Office of Finance, in the State Department of Education. After acknowledging that no legislation or regulation addressed the issue, he recounted the practice throughout the state:

> In practice, the amount restored by the Commissioner is recorded as an account receivable by the school district in the applicable year. The restored amount is included on the district's school tax certificate for the subsequent year and certified, raised and paid over by the municipality in the subsequent year. If the school district's cash flow and surplus are insufficient, the school district may issue promissory notes to borrow an amount up to the tax levy receivable and repay said note and any interest in the subsequent school year. This practice is analogous, but not necessarily apposite, to the raising of additional sums by special election delineated in NJSA 18A:22–40 thru 44. I am unaware how this historical practice evolved.

The trial judge applied the statewide practice here and, we assume, entered judgment accordingly.[1]

The single argument raised by the Board in this appeal is that the judge erred because under applicable statutes, it does not have the authority to borrow the funds needed without voter approval. We disagree and affirm.

A board of education in a Type II district may issue tax anticipation notes. *N.J.S.A.* 18A:22–44.1.[2] There is a limitation,

---

[1] We have not been furnished the judgment appealed from.

[2] *N.J.S.A.* 18A:22–44.1 provides:

> The board of education of any Type II district may, after July 1 and before January 1, borrow a sum not exceeding ½ of the amount appropriated for the current expenses of the schools and for the repair of schoolhouses under its control, and execute and deliver promissory notes therefor, and pay the

however, if the notes are "to raise additional sums of money, over and above the amount fixed and determined in the last annual budget." *N.J.S.A.* 18A:22–40. When that is the case, the notes may not be issued without first submitting the question to the electorate at a special school election. *N.J.S.A.* 18A:22–41. The Board argues that this limitation applies and that, as a practical matter, it prevents the Board from issuing notes for its immediate needs.

We disagree with the Board because *N.J.S.A.* 18A:22–40 and –41 do not apply here. The Legislature did not intend a local board of education in a Type II district to seek approval of the electorate to fund the restoration of money to a budget that the electorate had already rejected. The tax anticipation notes issued by the Board would not be issued to raise "additional sums . . . over and above the amount fixed and determined in the last annual budget." The notes would be issued to fund the last annual budget as fixed and determined by the Commissioner, not to exceed it. Once the Commissioner determined the budget, it became the Borough's obligation to fund the restored amount through taxation. *Cf. N.J.S.A.* 18A:22–38. (Where the municipal governing body fails to act after a budget rejection by the electorate, the Commissioner determines the budget and that amount "shall be included in the taxes to be assessed, levied and collected in such municipality.") Until then, a Type II district may issue tax anticipation notes to pay its current obligations. *N.J.S.A.* 18A:22–44.1.

Affirmed.

---

amount so borrowed together with interest thereon, at a rate not exceeding 6.0% per annum.